

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. L. Massie
County Auditor
Vernon, Texas

Dear Sir:

Opinion No. O-2107
Re: Validity of contracts between
Wilbarger County and Pritchard
and Abbott.

In your letter of March 19, 1940, you enclose
copy of a contract made between Wilbarger County as first
party and Pritchard and Abbott as second parties, and re-
quest our opinion as to whether or not the Commissioners'
Court of Wilbarger County had the authority to make this
contract, and if so, whether the compensation to be paid
to Pritchard and Abbott therein may be pro rated and paid
out of the various funds of the county, including sinking
funds or whether the whole of said compensation should be
paid out of the general fund.

Said contract reads in part as follows:

"1. Party of the Second Part agrees to
compile a list of the record owners of all pro-
ducing oil and gas properties wherever situated
or located in Wilbarger County, Texas, and un-
developed leases and royalty interests adjacent
thereto as of January 1, 1940, and said com-
pilation and record to show the particular in-
terest or interests therein owned.

"2. Second Party further agrees to secure
for First Party all information possible and
available for the use of the First Party, sit-
ting as a Board of Equalization, in determining
the proper valuations to be fixed upon such
properties for assessment and taxation purposes,
and generally to compile such information as
shall be of aid and benefit to said First Party

Honorable F. L. Massie, Page 2

in equalizing the value of such properties for taxation. Said party of the Second Part agrees to meet with the Commissioners' Court of Wilbarger County, sitting as a Board of Equalization, and to furnish said Board with all the information secured by them during their investigations for the purpose of equalizing the assessments upon such properties. Said Party of the Second Part also obligates itself to make a survey of all pipe lines, gas lines and systems, refineries, gasoline plants, tank farms, tankage, storate, carbon black plants, supply houses, and all other properties of value used in connection with said oil and gas development, including transportation facilities and including public utility properties, except telephone systems and railroads.

"3. For and in consideration of the skilled services, technical knowledge and experience of Second Party in the performance of the obligations devolving upon them hereunder, First Party agrees and obligates itself to compensate Second Party in the manner following: Said Second Party shall receive an amount to be paid out of the General Fund or general fund and other funds of Wilbarger County, equal to four (4) cents on each one hundred (100) dollar valuation covering all oil properties or other mineral interest, and public utility properties assessed for the year 1940, except telephone systems and railroad.

"'Oil Properties' as herein used, is understood to include oil, gas, sulphur deposits, storage, gathering lines and systems, refineries, gasoline plants, tanks, and tank farms, tankage, storage oil, carbon black plants, supply houses, drilling rigs, derricks, oil and gas leases, royalty interests in land, developed and undeveloped, and all other property of whatever character or value used in connection with oil and gas development, including transportation facilities."

Honorable F. L. Massie, Page 3


A very similar contract was involved in the case of Roper vs. Hall, 280 S. W. 289, before the Waco Court of Civil Appeals. The validity of such contract was sustained, the court saying that:

"The making of the contract under consideration was within the implied power possessed by the Commissioners' Court of Freestone County."

In the case of Marquart vs. Harris County, 117 S. W. (2d) 494, at page 502, it was said by the Galveston Court of Civil Appeals that a Commissioners' Court may validly employ skilled experts to value for taxation purposes property in special instances where technical equipment is required.

In the Roper vs. Hall case, supra, the contract provided that the compensation to be paid by Freestone County to the expert should be paid out of the general fund of that county. We rely largely on that case in answering that the Commissioners' Court had the authority to make the contract in question. It is our further opinion that the whole of the compensation to be paid to Second Parties must come from the general fund, and that no part thereof may be taken from sinking funds.

In your same letter, you also request our opinion concerning the payment of traveling expenses in the sum of $212.74 to E. G. Aycock. The details concerning the incurring of these expenses must be furnished to us, however, before we will be able to advise you concerning the same.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*
Glenn R. Lewis
Assistant


GRL:GO


APPROVED MAY 6, 1940

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY